The Attorney General is in receipt of your request for an opinion wherein you ask the following two questions: 1. Does the Board of Examiners of Official Shorthand Reporters have the authority to deny applications for reciprocity certification when it appears that no examination has been passed in the State granting the original certificate ? 2. Is the Board of Examiners of Official Shorthand Reporters governed by the Administrative Procedures Act (75 O.S. 301 [75-301], et seq)? If so, what procedure must the Board follow in denying an application for reciprocity ? Title 20 O.S. 1505 [20-1505] (1971, as amended 1978), provides as follows: "20 O.S. 1505 [20-1505]. Licensees from other states. A person holding a license from another state which is deemed by the Board to be equivalent to that of an Oklahoma Certified Shorthand Reporter may be enrolled without examination as an Oklahoma certified shorthand reporter upon satisfying the Board that his credentials are in proper order and that he is a resident of Oklahoma." Pursuant to the authority vested in the Oklahoma State Supreme Court by the provisions of 20 O.S. 1501 [20-1501] and 20 O.S. 1503 [20-1503](b) (1970) the Court adopted rules for the conduct of business by the State Board of Examiners of Official Shorthand Reporters codified under 20 O.S. (1971) Ch. 18, App. Rule 19 provides as follows: "A person holding a current license from another state which is deemed by the Board to be equivalent to that of an Oklahoma certified shorthand reporter, and/or the holder of a Certificate of Proficiency or a Certificate of Merit issued by the National Shorthand Reporters Association, may be enrolled without examination as an Oklahoma certified shorthand reporter upon satisfying the Board that his credentials are in proper order and that he is a resident of Oklahoma." In answering your first question, it should be noted that the Board has no authority to grant an applicant a license under the provisions of 20 O.S. 1501 [20-1501] et seq. (1971). The Board functions primarily as a screening committee for all applicants seeking certification as a shorthand reporter in the State of Oklahoma. The Board is empowered to make recommendations to the Supreme Court of Oklahoma based upon its inherent investigative authority granted under 20 O.S. 1502 [20-1502](a) which provides as follows: "The Board shall have the following duties: a. Conduct preliminary investigations to determine the qualifications of applicants seeking to attain the status of certified shorthand reporters." The actual enrollment and issuance of the appropriate certificate is ultimately signed by the Chief Justice of the Supreme Court and attested by the Clerk of the Supreme Court. By virtue of the Board's investigative function, it is apparent that an applicant certified in another state is subject to the same scrutiny which is applied to an applicant seeking certification in this State for the first time. This duty becomes enhanced where the Board determines that an applicant from another state was certified without having passed an examination. The Act carefully sets forth the level of skill which must be professed by an Oklahoma applicant. These qualifications cannot be circumvented merely because an applicant possesses a certificate from another State. The Board has a duty to go behind the foreign license to determine whether a particular applicant has the equivalent skills to qualify as a licensed reporter in the State of Oklahoma. This is not to say that another State must give the same examination or mandate defined statutory qualifications which duplicate the Oklahoma Act. It must, however, appear to the Board's satisfaction that the applicant possesses the same level or equivalent skills required of an in-state applicant. The Board, however, is not empowered with the authority to refuse an application. They may submit a recommendation to the Oklahoma Supreme Court that the application for reciprocity be denied and that basis for that denial. The final determination whether to grant reciprocity certification to an out-of-state applicant is subject to court approval. In answering your second question, your attention is directed to Title 75 O.S. 301 [75-301] (1975) which defines "agency" as follows: " 'Agency' means any State board, commission, department, authority, bureau or officer authorized by the Constitution or Statutes to make rules or to formulate orders . . ." 75 O.S. 301 [75-301](1) proceeds to exclude certain enumerated agencies which are not subject to the provisions of the Administrative Procedures Act. The Board of Examiners of Official Shorthand Reporters is not therein specifically excluded. However, under the provisions of Title 20 O.S. 1501 [20-1501] (1971), all actions of the Board of Examiners are subject to the supervision and approval of the Oklahoma Supreme Court. The Board clearly operates as an investigative arm of the Supreme Court of the State of Oklahoma. The Board possesses no independent statutory authority to promulgate rules or grant licenses. It merely carries out discretionary duties approved by the Oklahoma Supreme Court. Further, under 75 O.S. 301 [75-301](1) of the Administrative Procedures Act, subsection (b), the courts are expressly excluded from the directives of the Administrative Procedures Act. It, therefore, follows that the State Board of Examiners of Official Shorthand Reporters does not fall within the meaning of "agency" as defined in 75 O.S. 301 [75-301](1) (1970). It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. The State Board of Examiners of Official Shorthand Reporters does not have the authority to deny applications for reciprocity certification when it appears that no examination has been passed in the State granting the original certificate. Under the provisions of Title 20 O.S. 1502 [20-1502](a) (1971) the Board is authorized to determine whether the out-of-state applicant possesses the equivalent skills required for certification without examination, and may then submit a recommendation to the Oklahoma Supreme Court as to whether the application should be granted or denied. It is further the opinion of the Attorney General that your second question be answered in the negative. The State Board of Examiners of Official Shorthand Reporters is not governed by the Oklahoma Administrative Procedures Act set forth in 75 O.S. 301 [75-301], et seq. (1970). (JANET L. COX) (ksg)